UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04   11291 EFH

FILED
IN CLERKS OFFICE

2004 JUN 10 P 1: 12

U.S. DISTRICT COURT
DISTRICT OF MASS.

MAGISTRATE JUDGE _____

)
NORTH COAST SEA-FOODS CORP.,    )
)
      Plaintiff,    )
)
v.    )    Civil Action No.
)
NORTH COAST SEAFOODS, LTD.,    )
)
      Defendant.    )
)

RECEIPT # _56505_
AMOUNT $___
SUMMONS ISSUED___
LOCAL RULE 4.1___
WAIVER FORM___
MCF ISSUED___
BY DPTY. CLK. _V.O.M_
DATE _4/10/04_

### VERIFIED COMPLAINT AND JURY DEMAND

### The Nature of the Action

1.      In this action, plaintiff North Coast Sea-Foods Corp. ("North Coast") seeks injunctive relief and damages against defendant North Coast Seafoods, Ltd. ("NCSL"), for trademark infringement, trademark dilution, and unfair competition.

### The Parties

2.      North Coast is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business at 5 Drydock Avenue, Boston, Massachusetts 02210.

3.      On information and belief, NCSL is a corporation organized and existing under the laws of the State of Ohio with a principal place of business at 6212 Diana Court, Highland Heights, Ohio 44143.

### Jurisdiction and Venue

4.      This Court has original subject matter jurisdiction over North Coast's claims under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, pursuant to 28 U.S.C. §§ 1331

00840071

and 1338, as well as supplemental jurisdiction over North Coast's state law claims

pursuant to 28 U.S.C. § 1367, given that those claims are so related to the Lanham Act

claims that they form part of the same case or controversy. Furthermore, this Court has

original jurisdiction over all claims pursuant to 28 U.S.C. § 1332 insofar as, on

information and belief, the parties to this dispute are citizens of different states and the

matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

costs.

      5.     This Court has personal jurisdiction over NCSL pursuant to MASS. GEN.

LAWS c.223A, § 3(a), (b), (c), and (d) because this action arises: (a) from NCSL's

transaction of business in Massachusetts; (b) from NCSL's conduct with respect to

contracting to purchase products in Massachusetts, among other places; (c) from NCSL's

causing tortious injury in Massachusetts by acts or omissions within Massachusetts;

and/or (d) from NCSL's causing tortious injury in Massachusetts by acts or omissions

outside the Commonwealth while regularly doing business in Massachusetts. On

information and belief, NCSL has regularly purchased products in Massachusetts, such

that NCSL has purposefully established sufficient contacts within Massachusetts and

such that the assertion of jurisdiction over NCSL is reasonable and comports with due

process. Indeed, on information and belief, NCSL's business within Massachusetts is

sufficiently regular and substantial that this Court can exercise general jurisdiction over

NCSL.

      6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(2), (b)(2),

and/or (c), because a substantial part of the events or omissions giving rise to the claims

occurred in this jurisdiction, and NCSL is deemed to reside in this district by virtue of being subject to personal jurisdiction in this district.

### The Facts

7.     North Coast sells and distributes a wide array of fresh and frozen seafood products to supermarkets, restaurants, retailers, and food service providers throughout the United States, which in turn make North Coast's products available to the public.

8.     In 1987, North Coast began using the "NORTH COAST" Mark (the "Mark") in connection with its seafood business throughout the United States.

9.     In 1994, North Coast applied to register the Mark on the Principal Register at the United States Patent and Trademark Office (the "USPTO") for use "in connection with fresh and frozen seafood and delivery services for fresh and frozen seafood." The Mark was federally registered in July 1995, and was given Registration No. 1902895. A true and accurate copy of North Coast's federal trademark registration certificate is attached hereto as Exhibit A.

10.     On September 13, 2000, North Coast filed Affidavits of Continued Use and Incontestability for the Mark at the USPTO, which the USPTO accepted and acknowledged on December 2, 2000. As a result, North Coast's rights in the Mark are valid and incontestable.

11.     Since 1987, North Coast has invested substantial amounts of time and money in promoting the Mark. North Coast uses the Mark to indicate the origin of, and to identify, its seafood products. The Mark has become well known and clearly identified with North Coast by virtue of the time, effort and money North Coast has expended in promoting and marketing its products.

12.    North Coast has continuously used the Mark in commerce throughout the United States since at least 1987.  As a result of North Coast's efforts, the reputations of both North Coast and the Mark have grown.  North Coast is well known throughout the United States in the seafood, restaurant, food service and retail industries for the high quality of its products, which bear the Mark.

13.    On information and belief, NCSL was incorporated in the State of Ohio on June 17, 2002.  On information and belief, NCSL sells and distributes a variety of seafood products throughout the United States, utilizing the North Coast name and Mark in its business.  On information and belief, NCSL purchases seafood products from many of the same suppliers utilized by North Coast.

14.    In mid-August 2003, North Coast learned of NCSL's existence and infringement of the Mark when North Coast received an invoice from a shipping company for that company's delivery of seafood products for NCSL.

15.    North Coast, through its counsel, promptly sent a cease-and-desist letter to NCSL, directing NCSL to stop using "North Coast" and "North Coast Seafoods" in connection with the sale, distribution and/or manufacture of fresh and frozen seafood and seafood products.  A copy of that letter, dated August 22, 2003, is attached hereto as Exhibit B.

16.    NCSL's counsel responded, by letter dated September 8, 2003.  In that letter, he asked what NCSL could do to prevent confusion between NCSL and North Coast.  A copy of his letter is attached hereto as Exhibit C.

17.     At that point, North Coast, through its counsel, began communicating with NCSL, through its counsel, in an effort to end NCSL's infringement of the Mark, and the confusion between North Coast and NCSL, without litigation.

18.     In these discussions, North Coast repeatedly insisted that NCSL cease using "North Coast" or "North Coast Seafoods" in connection with its seafood business.

19.     As these discussions continued, the confusion between North Coast and NCSL increased.

20.     Of particular concern, in late September 2003, Seafax, a prominent credit reporting service in the seafood industry, changed its credit rating for NCSL, indicating that it should only be extended "limited" credit.  NCSL was identified in Seafax' credit newsletter as "North Coast Seafoods Ltd."  Many suppliers to North Coast, unaware that NCSL was a separate, unrelated company, contacted North Coast to express their concern that North Coast was experiencing financial problems.

21.     This ongoing and damaging confusion, as well as NCSL's failure and refusal to cease using the "North Coast" name and Mark, prompted another cease-and-desist letter from North Coast's counsel, dated October 28, 2003.  A copy of that letter is attached hereto as Exhibit D.

22.     In response, in a letter dated November 5, 2003, NCSL's counsel apologized for the confusion and stated that NCSL had agreed to change its name.  A copy of his letter is attached hereto as Exhibit E.

23.     A few weeks later, NCSL's counsel informed North Coast's counsel that NCSL was contemplating changing its name to "North American Fish Company Ltd." or

00840071                                  5

"Northcoast Fish Company Ltd." A copy of his fax, dated December 5, 2003, is attached hereto as Exhibit F.

24.     In response, in several telephone communications, North Coast's counsel made clear that North Coast was not agreeable to NCSL using the words "North Coast" as part of its name.

25.     Notwithstanding these repeated objections, North Coast has recently learned that, on or about March 5, 2004, NCSL registered "North Coast Fish Company" as a trade name with the Ohio Secretary of State.

26.     The confusion between North Coast and NCSL has continued. In May 2004, a supplier in Boston invoiced North Coast for product purchased by NCSL. While the invoice indicated that the product was to be shipped to "North Coast Fish Co." in Ohio, on information and belief, the supplier assumed that NCSL and North Coast were the same company.

27.     Following North Coast's discovery that NCSL had started using the trade name "North Coast Fish Co.," North Coast's counsel contacted NCSL's counsel to demand that NCSL change its name to another name which did not include "North Coast". While NCSL's counsel agreed to discuss another name change with his client, NCSL's counsel has failed, since that conversation, to respond to communications from North Coast's counsel.

28.     NCSL's use of the "North Coast" trade name and Mark has led to repeated, actual confusion in the marketplace between North Coast, owner of the Mark, and NCSL. By its ongoing infringement, NCSL is identifying itself and its products with

the goodwill and positive reputation North Coast has established over many years in association with its "North Coast" trade name and Mark.

29.    NCSL's infringement, even if unintentional at the outset, has become willful and deliberate. Moreover, NCSL has continued to infringe after being specifically notified of the infringement by North Coast.

## COUNT I

### FEDERAL TRADEMARK INFRINGEMENT

30.    North Coast repeats and incorporates by reference each and every foregoing paragraph of this Verified Complaint as though set forth herein in full.

31.    Because there is confusing similarity between the Mark owned by North Coast and the "North Coast" trade name used by NCSL, and because the products offered by the parties in association with their respective names and marks are highly similar, there is a likelihood of confusion, and demonstrated actual confusion, between the Mark owned by North Coast and the "North Coast" name used by NCSL.

32.    By using the name "North Coast" in conjunction with substantially similar seafood products to those offered by North Coast, NCSL has infringed and is continuing to infringe on the rights enjoyed by North Coast under its federally registered Mark. NCSL's use of the name "North Coast" is therefore likely to cause, and has already caused, confusion, deception or mistake in the marketplace, in violation of 15 U.S.C. § 1114.

33.    As demonstrated by its repeated failure to respond to the multiple requests from North Coast's counsel to cease its infringing conduct, NCSL has demonstrated that its actions and inactions are willful and intentional for purposes of 15 U.S.C. § 1117.

34.    North Coast has no adequate remedy at law and, by reason of the foregoing, North Coast has been injured in an amount not yet ascertained, and is entitled to those remedies provided in Title 15 of the United States Code.

## COUNT II

### FEDERAL UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)(1)(A)

35.    North Coast repeats and incorporates by reference each and every foregoing paragraph of this Verified Complaint as though set forth herein in full.

36.    The "North Coast" name and Mark owned by North Coast have become uniquely associated with and hence identify North Coast.

37.    NCSL, at least since being put on notice in August 2003, has intentionally engaged, and are engaging, in a course of conduct designed and intended to trade upon the goodwill of North Coast.

38.    NCSL's conduct constitutes a false designation of origin, or false representation, or false association between NCSL's products and those of North Coast. Further, NCSL's conduct wrongfully and falsely designates its products as originating with or connected with North Coast, and constitutes the use of false description or false designation in interstate commerce.

39.    NCSL's conduct is intended and likely to deceive and cause mistake or confusion in members of the public, who are wrongfully led to believe that NCSL is associated with North Coast and North Coast's products. NCSL's conduct thus deprives North Coast of its valid trademark rights and other rights against federal unfair competition, in violation of 15 U.S.C. § 1125(a).

00840071                                    8

40.    As demonstrated by its repeated failure to respond to the multiple requests from North Coast's counsel to cease its infringing conduct, NCSL has demonstrated that its actions and inactions are willful and intentional for purposes of 15 U.S.C. § 1117.

41.    North Coast has no adequate remedy at law and, by reason of the foregoing, North Coast has been injured in an amount not yet ascertained, and is entitled to those remedies provided in Title 15 of the United States Code.

### COUNT III

### TRADEMARK DILUTION UNDER MASS. GEN. LAWS, C.110B

42.    North Coast repeats and incorporates by reference each and every foregoing paragraph of this Verified Complaint as though set forth herein in full.

43.    This claim for relief is for dilution of the distinctive quality of North Coast's Mark and trade name, in violation of MASS. GEN. LAWS c.110B, §§ 2 and 11.

44.    North Coast's "North Coast" trade name and Mark are distinctive and famous, which qualities have contributed to the development of North Coast's goodwill and business reputation.

45.    NCSL's adoption and use of the identical and confusingly similar "North Coast" trade name is likely to cause and is causing great injury to North Coast's business reputation and is resulting in dilution of the distinctive quality of North Coast's famous Mark and/or trade name.

46.    NCSL's acts of dilution have been committed willfully and, at least since August 2003, with knowledge that said acts infringed upon North Coast's rights and with the intent to cause injury to North Coast's business and reputation.

47.    NCSL is continuing the conduct complained of herein and, unless enjoined, will continue such conduct, causing irreparable harm to North Coast. North Coast has no adequate remedy at law.

48.    North Coast has also incurred damages and is continuing to incur damages in an amount not yet ascertained. The exact amount of damages will be proven at trial.

**COUNT IV**

**FALSE DESIGNATION OF ORIGIN AND
FALSE REPRESENTATION, UNDER 15 U.S.C. § 1125(a)(1)(B)**

49.    North Coast repeats and incorporates by reference each and every foregoing paragraph of this Verified Complaint as though set forth herein in full.

50.    NCSL's conduct, complained of herein, constitutes unfair competition within the meaning of 15 U.S.C. § 1125(a)(1)(B). Such conduct promotes and misrepresents the nature, characteristics, qualities, or geographic origin of NCSL's products.

51.    By its use of the "North Coast" trade name and Mark, NCSL has falsely designated itself and its products in commerce, has engaged in unfair competition and unfair business practices, has unjustly appropriated to its own use North Coast's rights in the Mark and trade name "North Coast", has traded on the goodwill and reputation of North Coast, and has caused and deceived the public into believing that NCSL and North Coast, and their products are the same or are in some way related, all to the irreparable injury and damage of North Coast and the public.

52.    NCSL's use of "North Coast" constitutes a false designation of origin and a false representation and wrongly and falsely designates the origin of NCSL's goods as

originating from or connected with North Coast, and constitutes the utilization of a false representation in interstate commerce in violation of 15 U.S.C. § 1125(a)(1)(B).

53.     As a direct and proximate result of the violations charged herein, North Coast has been damaged in its business and property. North Coast has suffered damages including, but not limited to, damage to North Coast's business reputation and goodwill. The exact amount of damages suffered by North Coast as a result of NCSL's unfair competition will be proven at trial.

## COUNT V

## UNFAIR COMPETITION – MASS. GEN. LAWS C.93A AND COMMON LAW

54.     North Coast repeats and incorporates by reference each and every foregoing paragraph of this Verified Complaint as though set forth herein in full.

55.     This claim for relief arises under MASS. GEN. LAWS c.93A and Massachusetts common law.

56.     As described herein, NCSL has engaged in acts of deception and unfair competition in Massachusetts which injure the business, goodwill and contractual and business relationships of North Coast.

57.     At least since August 2003, the acts of NCSL were committed with full knowledge of their impropriety and with the intent to injure North Coast's business. Said acts were accomplished by means of the continuing and deceptive use of the "North Coast" trade name, which is identical and confusingly similar to the "North Coast" trade name and Mark used by North Coast for its business and products. Said conduct of NCSL violated MASS. GEN. LAWS c.93A, §§ 2 and 11.

58.     As a direct and proximate result of the violations charged herein, North Coast has been injured in its business and property.  North Coast has suffered damages including, but not limited to, damage to North Coast's business reputation and goodwill. The exact amount of damages suffered by North Coast as a result of NCSL's wrongful conduct will be proven at trial.

59.     At least since August 2003, NCSL's wrongful acts were willful and intentional, and were carried out with a conscious disregard of North Coast's rights to the "North Coast" trade name and Mark.  As a consequence, North Coast is entitled to an award of up to three times its actual damages and attorney's fees because of NCSL's willful and knowing violation of MASS. GEN. LAWS c.93A.

## COUNT VI

## TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c)

60.     North Coast repeats and incorporates by reference each and every foregoing paragraph of this Verified Complaint as though set forth herein in full.

61.     North Coast's Mark is distinctive and famous, which qualities have contributed to the development of North Coast's goodwill and business reputation. NCSL's adoption and use of the substantially identical mark and trade name are likely to cause and are causing injury to North Coast's business reputation and is resulting in dilution of the distinctive qualities of North Coast's famous Mark.

62.     At least since August 2003, NCSL's acts of dilution have been committed willfully and with knowledge that said acts infringed upon North Coast's rights and with the intent to cause injury to North Coast's business and reputation.

63.    NCSL threatens to continue the conduct complained of herein and unless enjoined will continue such conduct, causing North Coast irreparable damage. North Coast has also incurred damages and is continuing to incur damages in an amount not yet ascertained. The exact amount of damages will be proven at trial.

### COUNT VII

### INJUNCTIVE RELIEF

64.    North Coast repeats and incorporates by reference each and every foregoing paragraph of this Verified Complaint as though set forth herein in full.

65.    North Coast has no adequate legal remedy for NCSL's conduct and will suffer great and irreparable injury unless said acts by NCSL are enjoined and restrained. NCSL's trademark infringement and unfair competition will cause North Coast great and irreparable injury in that, inter alia, NCSL's conduct will injure North Coast's business and is likely to deceive suppliers, other vendors, customers, and the public.

66.    There is no way to ascertain the actual economic damages incurred by North Coast as a result of NCSL's continued conduct as described above.

67.    Therefore, North Coast is entitled to a preliminary and permanent injunction enjoining NCSL from continuing to use the "North Coast" trade name or any confusingly similar trade name or mark or designation in connection with NCSL's products and business, and other wrongful conduct.

### Jury Demand

NORTH COAST DEMANDS TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.

## **Prayers for Relief**

WHEREFORE, North Coast prays for judgment as follows:

1.      With respect to Count I, that the Court enter judgment against NCSL and in favor of North Coast, awarding damages in an amount to be established at trial, together with interest, costs, and attorneys' fees, and such other relief as this Court deems just and proper.

2.      With respect to Count II, that the Court enter judgment against NCSL and in favor of North Coast, awarding damages in an amount to be established at trial, together with interest, costs, and attorneys' fees, and such other relief as this Court deems just and proper.

3.      With respect to Count III, that the Court enter judgment against NCSL and in favor of North Coast, awarding damages in an amount to be established at trial, together with interest and costs, and such other relief as this Court deems just and proper.

4.      With respect to Count IV, that the Court enter judgment against NCSL and in favor of North Coast, awarding damages in an amount to be established at trial, together with interest, costs, and attorney's fees, and such other relief as this Court deems just and proper.

5.      With respect to Count V, that the Court enter judgment against NCSL and in favor of North Coast, awarding damages in an amount to be established at trial, such damages to be doubled or trebled, together with interest, costs, and attorney's fees, and such other relief as this Court deems just and proper.

6.      With respect to Count VI, that the Court enter judgment against NCSL and in favor of North Coast, awarding damages in an amount to be established at trial,

together with interest, costs, and attorney's fees, and such other relief as this Court deems just and proper.

       7.      With respect to Count VII, that the Court enter judgment against NCSL and in favor of North Coast, entering preliminary and permanent injunctive relief, and such other relief as this Court deems just and proper.

 

**NORTH COAST SEA-FOOD CORP.,**

By its attorneys,

Laura L. Carroll (BBO# 076180)
BURNS & LEVINSON LLP
125 Summer Street
Boston, Massachusetts  02110
Tel.  617-345-3000
Fax.  617-345-3299

Dated:  June 10, 2004

## **VERIFICATION**

Gary Cataldo states that he is the Controller of North Coast Sea-Foods Corp., that he has read the foregoing Verified Complaint and is familiar with the contents thereof, and that the facts set forth herein are true of his own personal knowledge or based upon the business records of the company, except those facts set forth on information and belief, and that as for those, he believes them to be true.

Signed under the pains and penalties of perjury this 9 th day of June, 2004.

_____
Gary Cataldo
Controller, North Coast Sea-Foods Corp.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)___North Coast Sea-Foods Corp.___
   v. North Coast Seafoods, Ltd.

   FILED
   IN CLERKS OFFICE

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL

   COVER SHEET.  (SEE LOCAL RULE 40.1(A)(1)).       2004 JUN 10 P 1: 12

   ____  I.      160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_   II.     195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, *Also complete AO 120 or AO 121
                 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.  for patent, trademark or copyright cases

   ____  III.    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                 380, 385, 450, 891.

   ____  IV.     220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                 690, 810, 861-865, 870, 871, 875, 900.

   ____  V.      150, 152, 153.


3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE
   HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   _____none_____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

                                        YES ☐        NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE
   PUBLIC INTEREST?   (SEE 28 USC §2403)

                                        YES ☐        NO ☒

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

                                        YES ☐        NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE
   28 USC §2284?

                                        YES ☐        NO ☒

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE
   COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE
   SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

                                        YES ☒        NO ☐

        A.      IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

                EASTERN DIVISION ☒       CENTRAL DIVISION ☐       WESTERN DIVISION ☐

        B.      IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING
                GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

                EASTERN DIVISION ☐       CENTRAL DIVISION ☐       WESTERN DIVISION ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _____Laura L. Carroll_____
ADDRESS _____Burns & Levinson LLP, 125 Summer Street, Boston, MA  02110___
TELEPHONE NO. _____617-345-3339_____

(Cover sheet local.wpd - 11/27/00)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

North Coast Sea-Foods Corp.

DEFENDANTS

North Coast Seafoods, Ltd.

IN CLERKS OFFICE

2004 JUN 10  P 1: 12

U.S. DISTRICT COURT
DISTRICT

**(b)** County of Residence of First Listed Plaintiff  **Suffolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Laura L. Carroll, Esq.    617-345-3339
Burns & Levinson, LLP
125 Summer Street, Boston, MA 02110

Attorneys (If Known)   Timothy G. Tercsczuk
Witschey & Witschey Co., P.A.
300 North Cleveland-Massillon Rd., Ste. 104
Akron, OH  44333 (330) 665-5117

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

☐ 1 U.S. Government
Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                           and One Box for Defendant)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | **PERSONAL INJURY** | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 362 Personal Injury— | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | Med. Malpractice | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | ☐ 365 Personal Injury — | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | ☐ 368 Asbestos Personal | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Injury Product | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | Liability | Safety/Health | ☒ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | **PERSONAL PROPERTY** | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 380 Other Personal | Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405 (g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | | or Defendant) | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | Security Act | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN  (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to
District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION   (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

Trademark infringement and other Lanham Act violations, 15 U.S.C. §§ 1051, et seq.

## VII. REQUESTED IN
COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $
injunction & damages

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S)
IF ANY   (See instructions):  None

JUDGE

DOCKET NUMBER

DATE  **6·10·04**

SIGNATURE OF ATTORNEY OF RECORD  *Laura L. Carroll*

FOR OFFICE USE ONLY

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____